IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 23-00050 HG-05 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MAHINA BACTAD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE
FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 310)**

Defendant is currently incarcerated at Federal Correctional Institution Victorville with a predicted release date of January 14, 2027.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). Defendant seeks release to care for four of her minor children. Defendant claims that her boyfriend Joenis Bactad-Schmitt has been taking care of the children since she was incarcerated in April 2025, but alleges in her Motion that he "can no longer balance work, caregiving, expenses, etc."

Defendant's MOTION FOR COMPASSIONATE RELEASE (ECF No. 310) is **DENIED**.

**<u>PROCEDURAL HISTORY</u>**

On September 7, 2023, the grand jury returned the Second

1

Superseding Indictment, charging Defendant Mahina Bactad with three counts:

>    **Count 5** for Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 1512(k);
>
>    **Count 6** for Obstruction of Justice in violation of 18 U.S.C. § 1512(c)(2); and
>
>    **Count 7** for Obstruction of Justice in violation of 18 U.S.C. § 1512(c)(2).

(Second Superseding Indictment, ECF No. 68).

On February 15, 2024, Defendant Mahina Bactad pled guilty, pursuant to a plea agreement, to Count 5 of the Second Superseding Indictment for Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 1512(k).  (ECF No. 150).

On March 12, 2025, Defendant's sentencing hearing was held. (ECF No. 264).  Defendant was sentenced to 30 months imprisonment and three years of supervised release.  (Judgment, ECF No. 266).

Counts 6 and 7 of the Second Superseding Indictment were dismissed as to Defendant Mahina Bactad.  (Id.)

On January 9, 2026, Defendant, proceeding pro se, filed a Motion to Reduce Sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i) (compassionate release).  (ECF No. 310).

On January 13, 2026, the Court issued a briefing schedule. (ECF No. 311).

On February 3, 2026, the Government filed its Opposition to Defendant's Motion for Compassionate Release.  (ECF No. 318).

Defendant did not file a Reply.

2

The Court elects to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request that the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau
> of Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights
> to appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30
> days from the receipt of such a request by the warden
> of the defendant's facility, whichever is earlier, may
> reduce the term of imprisonment...after considering the

3

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)  extraordinary and compelling reasons warrant such a reduction;

...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.    Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021).

The Parties agree that Defendant Bactad properly exhausted her administrative remedies before filing her Motion.

### B.    Defendant's Motion For Compassionate Release

A defendant must comply with the mandatory procedural requirement set forth in the statute which allows modification of an imposed term of imprisonment as set forth in 18 U.S.C. § 3582(c)(1)(A).  In order for a Court to reduce a term of imprisonment, including the grant of compassionate release, it must find "extraordinary and compelling reasons" that the request is consistent with the applicable policy statements issued by the United States Sentencing Commission.  Keller, 2 F.4th at 1282.

4

The Ninth Circuit Court of Appeals has explained that reduction in a sentence based on extraordinary and compelling reasons pursuant to Section 3582(c)(1)(A) is a "narrow" remedy and the decision to grant such relief is discretionary with the District Court, and relief is not mandatory.  United States v. Wright, 46 F.4th 938, 944-45 (9th Cir. 2022).

    **1.    Extraordinary And Compelling Reasons As Set Forth In The United States Sentencing Guidelines Section 1.B1.13**

Section 3582(c)(1)(A) of the United States Code itself does not define extraordinary and compelling reasons.  Congress stated that the Sentencing Commission shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.

In 2023, the United States Sentencing Commission amended its Policy Statement governing motions for compassionate release in Section 1B1.13(a).

A defendant must show extraordinary and compelling reasons to reduce the sentence consistent with the current version of U.S.S.G. § 1B1.13.  United States v. Kaneko, Cr. No. 19-00062 JMS-01, 2024 WL 1018362, *2 (D. Haw. Mar. 8, 2024).

    **2.    Motion For Compassionate Release May Be Denied Based On Evaluation Of 3553(a) Factors Alone Even If Extraordinary And Compelling Reasons Are Established**

The Ninth Circuit Court of Appeals has explained that the District Court may consider both "extraordinary and compelling" reasons and the relevant U.S.C. § 3553(a) factors, but that it may deny compassionate release on either basis alone.  <u>Wright</u>, 46 F.4th at 945.

A District Court is not required to follow any particular "sequential step-by-step analysis" in evaluating a motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A).  <u>Keller</u>, 2 F.4th at 1284.

<u>**ANALYSIS**</u>

Defendant Mahina Bactad seeks compassionate release based on "extraordinary and compelling" reasons.  She specifically looks to her family circumstances, referencing U.S.S.G. § 1B1.13(b)(3).

**I.   Defendant Has Not Established Extraordinary And Compelling Reasons For Compassionate Release**

**A.   Family Circumstances Of The Defendant May Provide Extraordinary And Compelling Reasons For Immediate Release In Limited Circumstances (§ 1B1.13(b)(3)(A))**

Defendant's Motion relies on Section 1B1.13(b)(3) of the United States Sentencing Guidelines to request immediate release due to her family circumstances.  Section 1B1.13(b)(3) states that extraordinary and compelling reasons can exist based on certain family circumstances of the defendant, which are:

> (A)   The death or incapacitation of the caregiver of the defendant's minor child or the

6

> defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C)   The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D)   The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3).

## B.    Defendant Seeks to Be Released to Care for Her Own Children

Mahina Bactad was convicted of conspiring with her husband Albert Bactad and others to corruptly obstruct, influence, and impede an official proceeding, namely this case.  (Presentence Report at ¶ 4, ECF No. 243).  The events took place while he was in prison awaiting trial on the original charges brought in this case.

Albert Bactad was convicted and sentenced on March 13, 2025 to one hundred sixty months in prison.

Guideline (A) is the only one applicable to the care of Defendant's children.  The Bactads had five children together: Maluhia Bactad, Halia Palomares-Bactad, Kanai Bactad, Kahiau Bactad, and Keanu Bactad.  Four of the children resided with Defendant before her incarceration.  One of the children, Kanai Bactad, resided with her sister-in-law.  (Id.)

Prior to her incarceration, Defendant was in a relationship with her husband's second-cousin Joenis Bactad-Schmitt.  (Id. at ¶ 54).  According to the PSR, Mr. Bactad-Schmitt was employed as a technician at Kauai Marine and Movers.  (Id.)  According to Defendant, Mr. Bactad-Schmitt has been the caregiver for some of Defendant's minor children since her incarceration on April 23, 2025.  (Motion at p. 1, ECF No. 31).

On January 9, 2026, Defendant filed her Motion for Compassionate Release, stating that her "boyfriend of 2 years, Joenis Bactad-Schmitt (self-employed), can no longer take care of [her four minor children] due to his work as a landscaper which is his only source of income and can no longer balance, work, caregiving, expenses, etc."  (Motion at p. 1, ECF No. 310).

There is no evidence that the children's caregiver, Mr. Bactad-Schmitt, is incapacitated.  Under Guideline (A), Defendant must establish that the caregiver of her minor children has either died or has become incapacitated in order to qualify as an "extraordinary and compelling" reason for compassionate release under Section 1B1.13(b)(3)(A) .  United States v. Head, 2025 WL

8

2229803, *3 (E.D. Cal. Aug. 5, 2025).

Incapacitation means suffering a severe injury or severe illness that renders the caregiver incapable of caring for the child.  Id.   As the Government points out in its Opposition, there is no evidence that Mr. Bactad-Schmitt is incapacitated.

Courts have explained that "the bar to show incapacitation is a high one" and hardship alone is insufficient as nearly all defendants with minor children suffer hardship in finding care for their minor children while they are incarcerated.  United States v. Smith, 2024 WL 4556521, at *5 (D. Nev. Oct. 22, 2024).

**C.    There Is No Evidence That Defendant Mahina Bactad Is The Only Available Caregiver For Her Minor Children**

Defendant asserts Mr. Bactad-Schmitt no longer wishes to care for her children.  Even if Mr. Bactad-Schmitt could no longer care for the children due to incapacitation, Defendant Mahina Bactad has not established that she is the only person who could care for the children to support immediate release pursuant to Section 1B1.13(b)(3).

The Presentence Report indicates that one of her minor children permanently resides with her sister-in-law. (Presentence Report at ¶53, ECF No. 243).  Defendant's own Motion also states that two of her children have resided with other family members at some point during Defendant Mahina Bactad's incarceration since April 2025.  (Motion at p. 2, ECF No. 310). There is insufficient information or evidence as to the

9

availability of other family members to care for Defendant's minor children.  It is Defendant's burden to establish that she is the only available caregiver and not simply that she would be a better caregiver.  See United States v. Castle, 2024 WL 3429668, *3 (E.D. Cal. July 16, 2024).

Defendant has not established extraordinary and compelling reasons to support compassionate release.  There is no evidence that Defendant is the only possible caretaker for the children.

## II.   Section 3553(a) Factors And Defendant's History and Characteristics Do Not Support Compassionate Release

Even if Defendant had established extraordinary and compelling reasons as required under Section 1B1.13(b), the Court in this case would exercise its discretion to deny compassionate release based on consideration of the factors set forth in 18 U.S.C. § 3553(a).  Wright, 46 F.4th at 945.

### A.   Instant Offense Conduct

The nature and circumstances of the instant offense do not support a reduction in Defendant Mahina Bactad's sentence.

The record reflects that on December 26 and 27, 2021, Defendant Mahina Bactad's husband, Albert Bactad, conspired with Co-Defendant David Borges to collect debts by extortionate means in violation of 18 U.S.C. § 894.  Albert Bactad and Borges lured the two victims under false pretenses to collect drug debts and

10

then threatened, kidnapped, and assaulted the victims. (Presentence Report at ¶¶ 8-9, ECF No. 243).  Albert Bactad engaged in violence during the incidents and repeatedly struck both victims in the head, causing serious injury.  (Id. at ¶¶ 9-10).

Following Albert Bactad's arrest for the offenses, Defendant Mahina Bactad conspired with Co-Defendants Wayne Inouye and Robin Takiguchi to attempt to obstruct the prosecution of Albert Bactad.  (Id. at ¶ 12).  Defendant Mahina Bactad "coordinated the efforts of Inouye and Takiguchi" to obtain written statements from the victims that falsely exculpated her husband.  (Id.) Defendant Mahina Bactad provided the false statements to Albert Bactad's attorney in an attempt to obstruct, influence, and impede the prosecution of her husband.  (Id. at ¶ 14).  Defendant Mahina Bactad told her husband on the phone that she directed Co-Defendant Inouye "to get this fucking shit done."  (Id. at ¶ 19).

Defendant Mahina Bactad pled guilty to one count of Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 1512(k) and was sentenced to 30 months imprisonment.  (ECF No. 264).

### B.   Defendant's Sentence Remains Appropriate

Defendant's 30-month sentence remains appropriate considering the Section 3553(a) factors.

Defendant Mahina Bactad's immediate release would not

11

adequately reflect the seriousness of the offenses, would not properly deter similar criminal conduct, and would not protect the public.  Defendant Mahina Bactad willingly attempted to interfere with and obstruct the prosecution of her husband.

Defendant Mahina Bactad was an organizer and leader in criminal activity for which she received a 2-point increase in her sentencing guidelines.  (Presentence Report at ¶ 35, ECF No. 243).  Defendant admitted in her plea agreement that she "coordinated" the efforts of her co-conspirators.  She organized and led Co-Defendants Inouye and Takiguchi to intimidate and harass the two victims.  Defendant Mahina Bactad pressured Inouye and Takiguchi to obtain false written statements from the victims.  She knowingly provided the false statements to her husband's attorney in attempt to obstruct justice.  During recorded phone calls to her husband, Defendant Mahina Bactad complained that the false statements were not very good, indicating they lacked specificity despite the fact she was "very fucking specific" in which she told Inouye and Takiguchi what to have included in the statements.  (Id.)

Defendant's actions undermine the rule of the law and the justice system.  Her 30-month sentence properly reflects the seriousness of her offense and a reduction in sentence is not warranted.

//

//

12

**CONCLUSION**

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 310) is **DENIED.**

IT IS SO ORDERED.

Dated: March 30, 2026, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Mahina Bactad, Crim. No. 23-00050 HG-05; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 310)**

13